# NO. 12-18-00322-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MYLES CHRISTOPHER GRAY,*<br>*APPELLANT* | § | *APPEAL FROM THE 392ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Myles Christopher Gray appeals convictions for burglary of a building. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). Thereafter, Appellant filed a pro se brief. We affirm.

### BACKGROUND

Appellant was charged by indictment with nine counts of burglary of a building and pleaded "not guilty." The State further alleged that Appellant previously had been convicted of two felonies. The matter proceeded to a jury trial at which an accomplice witness testified that he, Appellant, and another individual drove in separate vehicles to Mid-Cities Storage. There, the accomplice eventually entered a storage unit without the owner's consent and took a motorcycle. An eyewitness observed Appellant and another man use bolt cutters to remove locks from two storage units, but the men saw her watching them and did not enter these storage buildings. Appellant left the scene in his vehicle, while the two other men loaded the motorcycle into a truck to transport it to another location. The maintenance worker for Mid-Cities Storage testified that, while performing a lock check, he noticed that lock hasps were cut on eight or nine units. The investigating officer testified concerning the surveillance video from Mid-Cities Storage, in which

he observed individuals cutting locks and burglarizing storage units.

The jury found Appellant "guilty" as charged on each of the nine counts. The matter proceeded to a trial on punishment, at which Appellant pleaded "true" to the two enhancement allegations. Ultimately, the jury found the enhancement allegations to be "true" and assessed Appellant's punishment at imprisonment for two years on each of seven counts and imprisonment for ten years on each of the remaining two counts. The trial court sentenced Appellant accordingly, and this appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed a brief in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he has diligently reviewed the appellate record and is of the opinion that the record reflects no reversible error and that there is no error upon which an appeal can be predicated. He further relates that he is well acquainted with the facts in this case. In compliance with *Anders, Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's brief presents a chronological summation of the procedural history of the case and further states that Appellant's counsel is unable to raise any arguable issues for appeal.[1]

Thereafter, Appellant filed a pro se brief in which he raised the following issues: (1) insufficiency of the evidence and (2) ineffective assistance of counsel.[2] *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel has moved for leave to withdraw. *See also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motion for consideration with the merits.

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the brief, notified Appellant of his motion to withdraw as counsel, informed Appellant of his right to file a pro se response, and took concrete measures to facilitate Appellant's review of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014).

[2] We have construed Appellant's brief and the issues raised therein liberally in the interest of justice. *See Gill v. State*, No. 12-11-00282-CR, 2012 WL 3804369, at *1 n.2 (Tex. App.–Tyler Aug. 31, 2012, pet. ref'd) (mem. op., not designated for publication).

Having done so and finding no reversible error, Appellant's counsel's motion for leave to withdraw is hereby ***granted*** and the trial court's judgment is ***affirmed***.

As a result of our disposition of this case, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered October 17, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 16, 2019**

**NO. 12-18-00322-CR**

**MYLES CHRISTOPHER GRAY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 392nd District Court

of Henderson County, Texas (Tr.Ct.No. CR18-0244-392)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*